IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. DKC 13-0236-2 |
| | : | |
| DARYL C. REID | : | |

**MEMORANDUM OPINION**

Daryl C. Reid was convicted of conspiracy to distribute and possession with intent to distribute controlled substances (count 1) and felon in possession of a firearm and ammunition (Count 2) on June 9, 2014, and sentenced to 60 months imprisonment followed by four (4) years supervised release on count one, and three (3) years of supervised release on count two.  (ECF No. 90).  He was also directed to pay a $200 special assessment and a $12,500 fine. He began his term of supervised release on November 30, 2018.

Mr. Reid submitted a letter requesting early termination of supervised release dated April 17, 2020.  (ECF No. 101).  In support of his request, he states that he has maintained a stable residency, is gainfully employed, attends church services, and is otherwise an upscale and productive citizen in the community.  He also states that he secured a CDL license, purchased a dump truck, and is now self-employed as a truck driver.

Mr. Reid began supervised release on November 30, 2018 and his supervising probation officer, Kimberly Lee, filed a response

indicating that she does not oppose his request for early termination. She reports that Mr. Reid has paid the fine and special assessment, has successfully completed substance abuse treatment, and has submitted reports regularly as directed. Further, Mr. Reid did not play an aggravated role in the offense, does not appear to pose a risk to the public, does not have a history of violence, and has successfully completed over eighteen (18) months of supervision. He is currently supervised as "low risk."

The government opposes early termination, arguing that Mr. Reid is not yet halfway through the imposed term of supervised release and was convicted of serious crimes, i.e. conspiracy to distribute crack and cocaine as well as being a felon in possession of a firearm. (ECF No. 102).

Pursuant to 18 U.S.C. § 3583(e), the court may, after considering enumerated factors, "terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" To grant relief, the court "must conclude that the early termination of supervised release is warranted both by the individual's conduct

2

and also by the interest of justice." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

The goals of supervised release are many but is intended primarily to support a defendant's transition into the community after the service of a prison term or provide rehabilitation and supervision after release. Supervising Probation Officer Kimberly Lee reports that Mr. Reid completed substance abuse treatment, has not submitted any positive drug tests while on supervision, and is supervised as "low risk." Further, Ms. Lee opines that "It does not appear that he needs additional substance abuse treatment and his prognosis to remain law abiding seems to be positive."

The District of Maryland Early Termination Policy requires that persons supervised as "low risk" must have completed at least one year on supervision (six months if only a one-year term) prior to being considered for early termination. The court concludes, based on the interest of justice and Mr. Reid's conduct since the time of his release, that early termination of supervised release is warranted. A separate Order will be entered.

May 15, 2020 /s/
DEBORAH K. CHASANOW
United States District Judge